**Ohio Turnpike Commission v. Goodnight Inn, Inc.**
*[Cite as 7 AOA 350]*

*Case No. 89CA004719*

*Lorain County, (9th)*
*Decided September 12, 1990*

*James C. McGrath, General Counsel, The Ohio Turnpike Commission, 682 Prospect St., Berea, Ohio 44017 and James H. Woodring, Attorney at Law, 1800 Huntington Bldg., Cleveland, Ohio 44115, for Plaintiff.*

*Anthony B. Giardini, Attorney at Law, 520 Broadway, 3rd Floor Lorain, Ohio 44052, for Defendant.*

CACIOPPO, J.

The Ohio Turnpike Commission (Commission), plaintiff-appellant, appeals the trial court's decision that denied a perpetual restraining order and mandatory injunction against Goodnight Inn, Inc., defendant-appellee, from maintaining, or improving any signs on billboards visible from the Ohio Turnpike. We reverse.

In 1983, defendant Goodnight Inn purchased a motel and five acre parcel of land along State Route 10 in North Ridgeville. Subsequent purchases of land were made in 1985 and 1988. A 13 acre parcel of land was purchased in 1988. The land, which abuts the turnpike, was encumbered with a restrictive covenant which prohibits the construction of any billboard, sign, notice, advertising device or other display which is visible from the turnpike.

The defendant, after being denied a permit to construct a prohibited advertising sign, constructed an illuminated sign 67 feet high which is strikingly visible from the turnpike.

The trial court, following a hearing, denied an order sought by the Commission to perpetually enjoin Goodnight Inn, Inc. from constructing the sign and an order directing the defendant to remove the sign. The Commission raises a single assignment of error in this appeal.

*Assignment of Error*

"The trial court erred in denying plaintiff-appellant's request for an order perpetually restraining defendant-appellee from construct-

ing or continuing to erect a sign visible from the Ohio Turnpike and in denying plaintiff-appel-lant's request for a mandatory injunction ordering defendant-appellee to remove said sign from its premises and to abide by the terms of the covenant entered into by defendant-appellee's predecessor in title."

The Commission argues that an owner of real estate may place restrictions or limitations upon the future use of property unless such restrictions are against public policy.

R.C. 5537.07 provides, in pertinent part:

"The Ohio turnpike commission may acquire by purchase, whenever it deems such purchase expedient, any land, property, rights, rights of way, franchises, easements, and other interests in lands as it deems are necessary or convenient for the construction and operation of any turnpike project***[.]"

On December 2, 1952, the Commission adopted Resolution No. 99-1952 which states:

"***that the Ohio Turnpike Commission does hereby reiterate and affirm its inflexible opposition to the erection in the vicinity of Ohio Turnpike Project No. 1 of billboards and other advertising devices designed to attract the attention of motorists traversing the highway, and the Commission's unswerving desire, intention, determination and policy to do all that lies within its power, by legal and moral means, to limit, discourage, and otherwise prevent the erection of commercial billboards and other advertising devices; and

"FURTHER RESOLVED that the Commission approves the actions which have been taken by and at the direction of the Commission's general counsel in directing the Commission's right-of-way section and its negotiators to seek covenants, easements, or other restrictions to Prevent the erection upon the residual portions of lands acquired by the Commission for right of way of billboards and other advertising devices which are visible from the travelway of Ohio Turnpike Project No. 1, and general counsel's report upon his said actions is approved hereby; and ***[.]"

Pursuant to the statute above and the Commission's policy, the parcel of real estate in North Ridgeville Township was purchased by the Commission from George and Catherine Quimby. The parcel identified as 125 L and 125 L-1, contains the following restrictive covenants on the deeds to this parcel:

"Grantor(s), for their heirs, administrators, executors, and assigns, hereby covenant with the State of Ohio and Ohio Turnpike Commission and their successors and assigns that Grantor(s), their heirs, administrators, executors, and assigns shall not establish or maintain or permit any natural or legal person to establish or maintain on any of aforesaid remaining lands any billboard, sign, notice, poster, advertising device, or other display which is visible from the travelway of Ohio Turnpike Project, No. 1, and which is not at the date hereof in existence. This covenant shall run with the land."

The trial court found that to interpret and enforce the restriction placed on the defendant's property, prohibiting the subject sign, would broaden the restriction in such a way as was not originally intended, i.e. preventing the motel from identifying itself and creating an unfair restraint on trade. We disagree.

After an examination of the record evidence, we note that the motel's sign is clearly visible from the turnpike even though the motel itself is not. The trial court's conclusion that the enforcement of the covenant would broaden the restriction is faulty. The sign is on property that was not part of the motel's property until 1988. Prior to the acquisition of the parcel of land in 1988 the motel was in full operation by its current owners, beginning in 1983. Therefore, the trial court's conclusion that enforcement of the covenant restrains the defendant's trade is without merit.

In order that restrictive agreements in a deed be declared void as against public policy, the same must violate some statute, or be contrary to judicial decision, or against public health, morals, safety or welfare, or in some form be injurious to the public good. *Dixon v. Van Sweringer Co.* (1929), 121 Ohio St. 56, paragraph two of the syllabus. The trial court concluded that the restriction imposes an unfair burden on the motel. However, if there is a substantial value in the restrictive covenant which is sought to be protected, a court will enforce the covenant upon the request of the owner of the dominant estate. *Winfrey v. Marks* (1968), 14 Ohio App. 2d 127, 129.

The covenant found within the original Quimby deed is based on sound public policy, as found in the Commission's 1952 resolution. These restrictive covenants contained in property deeds have been enforced by courts in this jurisdiction and within this region. See, *Ohio Turnpike Commission v. Richards* (May 7, 1973), Lorain C.P. No. 77083-73, unreported;

*Ohio Turnpike Commission v. Interstate Industrial Co.* (April 4, 1972), Cuyahoga C.P. No. 904282, unreported. The fact that the Commission was unable to obtain a restriction on each parcel of land abutting the turnpike does not deny the Commission the ability to enforce the restrictions it was able to obtain in furtherance of its policy. Further, where a restrictive covenant is of substantial value to the dominant estate, even though there ha been a change in the condition of the neighborhood, a court will restrain its violation. *Winfrey, supra,* at 128-129.

We find that the trial court abused its discretion in denying the Commission permanent injunctive relief. The trial court's decision would, in effect, invalidate covenants attached to hundreds of land parcels along the entire turnpike, and allow the construction of any sign or billboard and upset the sound public policies of safety and aesthetics Therefore, we reverse the trial court and remand for an entry of judgment in favor of the Commission granting the relief prayed for in its complaint.

REECE, P.J., and QUILLIN, J., concur.